

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00070-CV

---

IN RE:  ROBERT TROY MCCLURE

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# M E M O R A N D U M   O P I N I O N

Prompted by inmate Robert Troy McClure's personal injury action against employees of the Texas Department of Criminal Justice (Department), the Department filed a motion to dismiss his petition and a motion to have McClure declared a vexatious litigant. The motion to have McClure declared vexatious had the effect of staying all aspects of the litigation until the hearing on that motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.052(a) (West 2002). Because the trial court has now delayed that hearing until November 25, 2013,[1] about two months before the January 28, 2014, trial date, McClure now seeks a writ of mandamus to get some relief so he can adequately prepare for trial on his underlying civil action against Department employees. We deny the requested writ, because McClure has an adequate remedy by law.

To be entitled to mandamus relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding).

The trial court's scheduling order sets the pretrial date as November 25, 2013, and the trial date as January 28, 2014. The scheduling order also sets the following deadlines:

- To Add Parties:           180 days before trial date (8/1/2013, during the stay)

- To Amend Pleadings:       120 days before trial date (9/30/2013, during the stay)

---

[1]The trial court originally set a hearing on the vexatious-litigant issue for July 7, 2013. On the Department's motion, the trial court has now continued that hearing until the pretrial hearing date, November 25, 2013.

2

- Plaintiff to Designate
  Expert Witnesses:                     90 days before trial date (10/30/2013, during the stay)

- Defendant to Designate
  Expert Witnesses:                     60 days before trial date (11/29/2013, a maximum of four days after the stay could be lifted)

- Parties to Designate Fact
  Witnesses:                            60 days before trial date (11/29/2013, a maximum of four days after the stay could be lifted)

Given the current trial date, the deadlines detailed in the scheduling order, and the stay mandated by Section 11.052 of the Texas Civil Practice and Remedies Code, the trial court's decision to continue the vexatious-litigant hearing until just two months before trial effectively denies McClure the ability to conduct meaningful discovery, add parties, amend his pleadings, or designate expert witnesses. However, mandamus is inappropriate because McClure has an adequate remedy by appeal, assuming he preserves error by raising any claimed error before the trial court in a timely manner. "[A] party seeking review of a discovery order by mandamus must demonstrate that the remedy offered by an ordinary appeal is inadequate." *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992). McClure has failed to do so here.

We deny the petition for writ of mandamus.


                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:      July 25, 2013
Date Decided:        July 26, 2013

3